IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Scarlett Parrish, | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 3549 |
| CACH, LLC, a Colorado limited liability company, and Financial Recovery Services, Inc. a Minnesota corporation, | ) ) ) ) ) | |
|    Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Scarlett Parrish, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Scarlett Parrish ("Parrish"), is a citizen of the State of Ohio, from whom Defendants attempted to collect a delinquent consumer debt owed for a Capital One credit card. These collection actions took place despite the fact that she had told the Defendants that she refused to pay the debt and was represented by the legal aid

attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, CACH, LLC ("CACH"), is a Colorado limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. CACH operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CACH was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant CACH is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies, such as Defendant Financial Recovery Services, Inc.

6. Defendant, Financial Recovery Services, Inc. ("FRS"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant FRS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants CACH and FRS are both authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, <u>see</u>, records from the Illinois Secretary of State, attached as Group Exhibit <u>A</u>. In fact, Defendants CACH and FRS each conduct business in Illinois.

8. Defendants CACH and FRS are both licensed as a debt collection agency in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants CACH and FRS each act as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Parrish is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she owed to Capital One. At some point in time after that debt became delinquent, Defendant CACH bought Ms. Parrish's Capital One debt. When Defendant CACH began trying to collect this debt from her, in November, 2009, by having another collection agency, the Law Office of David Sean Dufek, demand payment from her, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

10. Accordingly, on November 30, 2009, one of Ms. Parrish's attorneys at LASPD informed Defendant CACH, in writing, through its agent, Law Office of David Sean Dufek, that Ms. Parrish was represented by counsel, and directed CACH to cease contacting her, and to cease all further collection activities because Ms. Parrish was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

11. Nonetheless, despite being advised that Ms. Parrish refused to pay the debt, Defendant CACH hired another debt collector, Scott Lowery Law Office, P.C., in April, 2010, to demand payment of the Capital One debt from Ms. Parrish. Accordingly, on April 30, 2010, Ms. Parrish's attorneys at LASPD again informed Defendant CACH,

this time through Scott Lowery Law Office, P.C., that it must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit D.

12. Undeterred, Defendant CACH had Defendant FRS send Ms. Parrish a collection letter, dated April 4, 2011, which demanded payment of the Capital One debt. A copy of this letter is attached as Exhibit E.

13. Accordingly, on April 13, 2011, Ms. Parrish's attorneys at LASPD had to once again inform Defendant CACH, this time through Defendant FRS, that they must cease collections and cease communications. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

4

18. Here, the letters *(*Exhibits C and D*)* from Ms. Parrish's agent/attorney, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

19. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew, or readily could have known, that Ms. Parrish was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant CACH, in writing *(*Exhibits C and D*)*, through its agents, that Ms. Parrish was represented by counsel, and had demanded a cessation of communications with Ms. Parrish. By sending a collection letter (Exhibit E) to Ms. Parrish, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Scarlett Parrish, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Parrish, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Scarlett Parrish, demands trial by jury.

Scarlett Parrish,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: May 26, 2011

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com